United States District Court
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    MUHAMED ALMUTARREB, *et al.*,              No. C-12-3061 EMC

9                Plaintiff,

10       v.                                     **ORDER GRANTING IN PART AND
                                                DENYING IN PART DEFENDANTS'
11   BANK OF NEW YORK TRUST                     MOTION TO DISMISS**
     COMPANY, N.A., as successor Trustee to JP
12   MORGAN CHASE BANK, *et al.*,               **(Docket No. 4)**

13               Defendants.
     _____/
14

15

16          Plaintiffs Muhamed and Sophia Almutarreb filed a complaint against Defendants Bank of

17   New York Trust Company, N.A., BAC Home Loan Servicing, L.P., Recontrust Company, N.A., and

18   Mortgage Electronic Registration Systems ("MERS"), arising out of the pending foreclosure of their

19   home in San Pablo, CA.  Plaintiffs assert claims for Declaratory Relief; Negligence; Quasi Contract;

20   violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; violation of

21   the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; violation of the California

22   Business & Professions Code § 17200 ("UCL"); Accounting; Wrongful Foreclosure; Fraud; and

23   Quiet Title.  Compl., Docket No. 1.

24          Defendants move to dismiss Plaintiffs' claims for failure to state a claim upon which relief

25   may be granted under Federal Rule of Civil Procedure 12(b)(6).  Pursuant to Civil Local Rule

26   7–1(b), the Court determines that the matters are appropriate for resolution without oral argument,

27   and VACATES the hearing.  Having considered the parties' submissions and for the reasons set

28   forth below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.

United States District Court

For the Northern District of California

# I.  DISCUSSION

A.    Legal Standard

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. Of Bus. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

B.    Application

1.    Violation of the Pooling Service Agreement

The gravamen of Plaintiffs' complaint is that Defendants failed to comply with the terms of the Pooling Service Agreement ("PSA") for the trust into which Plaintiffs' note was transferred. Specifically, Plaintiffs allege Defendants transferred the note past the trust's closing date, and thereby failed to effectuate a valid transfer at all.  *See, e.g.*, Compl. ¶¶ 21, 27-32.  Therefore, according to Plaintiffs, Defendants lack standing or authority to exercise any claim to the deed of trust or property at issue by collecting payments due on that loan and, most importantly, by foreclosing on the property since proper title to the loan was never properly transferred. *Id*. ¶¶ 30-31, 66-69, 73-74, 76-77.  These allegations form the basis of Plaintiffs' Declaratory Relief, Negligence, Quasi Contract, FDCPA, UCL, Accounting, Wrongful Foreclosure, Fraud, and Quiet Title causes of action. *Id*. ¶¶ 87-90, 98, 102-03, 116, 121. 132, 136-37, 144, 155.  Plaintiffs do not

United States District Court

For the Northern District of California

1  allege that there was never an assignment of the subject deed of trust to the Merrill Lynch Trust;

2  they only claim the assignment was not timely.  *See* Opp. at page 9; Compl. ¶¶ 65-67 and Ex. E.

3  Plaintiffs' argument has been soundly rejected by courts that have addressed similar

4  arguments.  For example, in *Junger v. Bank of Am., N.A.,* the district court rejected plaintiffs'

5  allegations that "defendants failed to adhere to the January 31, 2006 deadline for transferring the

6  note as required by the pool servicing agreement ("PSA") that governed the securitization of the

7  note."  CV 11-10419 CAS VBKX, 2012 WL 603262, at *1 (C.D. Cal. Feb. 24, 2012).  The court

8  found "that plaintiff lacks standing to challenge the process by which his mortgage was (or was not)

9  securitized because he is not a party to the PSA.  *Id.* at *3 (citing *In re Correia*, 452 B.R. 319, 324

10  (1st Cir. BAP 2011)).  The Court agrees that because Plaintiffs were not parties to the PSA, they

11  lack standing to challenge the validity of the securitization process, including whether the loan

12  transfer occurred outside the temporal bounds prescribed by the PSA.  *Id.*; *see also Sami v. Wells*

13  *Fargo Bank*, C 12-00108 DMR, 2012 WL 967051, at *5-6 (N.D. Cal. Mar. 21, 2012) (rejecting

14  claim "that Wells Fargo failed to transfer or assign the note or Deed of Trust to the Securitized Trust

15  by the 'closing date,' and that therefore, 'under the PSA, any alleged assignment beyond the

16  specified closing date' is void" because the plaintiff lacked standing) (collecting additional cases);

17  *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW JCX, 2011 WL 3157063 (C.D. Cal. July

18  22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac

19  failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge

20  the validity of the securitization of the loan as he is not an investor of the loan trust.").[1]

21  _____

22      [1] The Court does not find the minority cases that have held to the contrary persuasive, as
    they fail to explain how plaintiffs have standing to challenge the terms of securitization agreements.

23  *See, e.g.*, *Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D.Cal.2011); *Johnson v. HSBC*
    *Bank USA, Nat. Ass'n*, 3:11-CV-2091-JM-WVG, 2012 WL 928433 (S.D. Cal. Mar. 19, 2012).

24  Moreover, as this Court has previously noted,

25          Even if Plaintiffs were right that their loan was not timely transferred
          to the trust, that does not mean that the owner of the note and deed of
26          trust could not therefore foreclose.  That would simply mean that the
          loan was not put into the trust (*i.e.*, the investment vehicle).  It does
27          not necessarily affect the trustee's authority set forth in the deed and
          assignment documents to initiate foreclosure.

28  *Frazier v. Aegis Wholesale Corp.*, C-11-4850 EMC, 2011 WL 6303391, at *5 (N.D. Cal. Dec. 16,

United States District Court
For the Northern District of California

1    Also, Defendants do not lose the ability to exercise their authority under the deed of trust due

2 to any securitization.  *See Benham v. Aurora Loan Services*, 2009 WL 2880232 at *3 (N.D. Cal.

3 Sept.1, 2009) ("Other courts in this district have summarily rejected the argument that companies

4 like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is

5 assigned to a trust pool.").

6    Plaintiffs allege no other infirmities in the assignment process with respect to their loan.  Nor

7 do they allege that they are not actually in default, or that Defendants have acted on an error with

8 respect to the amount owed on their loan.  Accordingly, because Plaintiffs' PSA violation theory

9 fails as a matter of law, Plaintiffs have failed to state a claim for Declaratory Relief, Negligence,

10 Quasi Contract, FDCPA, UCL, Accounting, Wrongful Foreclosure, Fraud, and Quiet Title to the

11 extent they are based on that theory.  These claims are therefore DISMISSED.  Plaintiffs shall be

12 permitted leave to amend to the extent they can allege any facts supporting the above claims that do

13 not rely on their PSA violation theory.

14    To the extent some of Plaintiffs' claims do not depend in whole or in part on their PSA

15 theory, the Court addresses them below.

16    2.    FDCPA

17    To the extent Plaintiffs' FDCPA claim is based on their theory that Defendants lack authority

18 under the deed of trust because of PSA violations, their claim fails for the reasons described above.

19 In addition, Plaintiffs cannot allege an FDCPA claim against Defendants based on their foreclosure

20 because they are not debt collectors within the meaning of the FDCPA.  *See Perry v. Stewart Title*

21 *Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir.1985)

22 ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an

23 assignee of a debt, as long as the debt was not in default at the time it was assigned.") (internal

24 citations omitted); *Lal v. Am. Home Servicing, Inc*., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)

25 ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's

26

27 2011).  As noted above, Plaintiffs do not dispute the assignment of the deed of trust was never made,
28 only its timeliness under the laws of the PSA.  The Court is not persuaded that the law renders the
transfer void.

4

1  creditors, a mortgage servicing company, or any assignee of the debt.") (internal citations and

2  quotation marks omitted) (collecting cases); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053

3  (E.D. Cal. 2009) (same).

4       Moreover, "the 'activity of foreclosing on property pursuant to a deed of trust is not the

5  collection of a debt within the meaning of the' FDCPA." *Junger*, 2012 WL 603262 at *4 (quoting

6  *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, *6 (S.D. Cal. Oct. 30, 2008)); *see Hulse*

7  *v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (same).   Plaintiffs' attempt to

8  recast foreclosure as the "attempt[] to collect a debt and threat[] to take action if payments were not

9  made" in order to characterize Defendants' actions as debt collection is unpersuasive. *See* Opp. at

10  25.

11       Accordingly, Plaintiffs' FDCPA claim fails.  As Plaintiffs fail to demonstrate any FDCPA

12  would not be futile, this claim is **DISMISSED** with prejudice.

13      3.   <u>RESPA</u>

14      21 U.S.C. § 2605(e) provides as follows:

15      (e) Duty of loan servicer to respond to borrower inquiries.

16      (1) Notice of receipt of inquiry.

17      (A) In general. If any servicer of a federally related mortgage loan

18  receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of

19  the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within

20  such period.

21  12 U.S.C. § 2605(e)(1)(A).

22       Plaintiffs' RESPA claim suffers from several flaws.  First, the bulk of Plaintiffs' requests for

23  information appear to relate to the validity of the loan, rather than its servicing.  *See* Compl. ¶ 109

24  (describing information sought as "information of the loan, specifically the identity and cont[]act

25  information of the holder in due course of Plaintiffs' Note, . . .  and requested information to verify

26  the validity of the purported debt owed to BNY and/or BAC").  As this Court has repeatedly held, "a

27  request related to ownership of a loan or validity of a loan is not covered by RESPA."  *Miller v.*

28  *Carrington Mortg. Services*, C-12-2282 EMC, 2012 WL 3537056, at *7 (N.D. Cal. Aug. 14, 2012)

**United States District Court**
For the Northern District of California

1   (citing additional cases). Instead, RESPA covers only requests related to a loan's servicing, which is

2   defined in the statute as "receiving any scheduled periodic payments from a borrower pursuant to the

3   terms of any loan ... and making the payments of principal and interest and such other payments with

4   respect to the amounts received from the borrower." 12 U.S.C. § 2605(i)(3). Thus, Plaintiffs cannot

5   state a RESPA claim based on that requested information.

6          Plaintiffs also allege they requested information regarding "accumulated late fees and

7   charges," which could be covered by RESPA. However, Plaintiffs have another problem, which is

8   that they do not adequately allege harm. *See* Compl. ¶ 112 (raising conclusory allegations of harm

9   not specifically connected to the QWR itself). Plaintiffs must allege "actual, cognizable damages

10  *resulting from Defendants' failure to respond to QWRs*." *Tamburri v. Suntrust Mortg., Inc.*, C-11-

11  2899 EMC, --- F. Supp. 2d ----, 2012 WL 2367881, at *3 (N.D. Cal. June 21, 2012) (emphasis in

12  original) (citing additional cases); *Cf. Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374,

13  383 (D.N.J.2006 (finding harm alleged where plaintiff could not obtain loan due to wrongful

14  reporting of delinquent loan to credit bureaus). Plaintiffs do not contend that the lack of an adequare

15  response to this information caused them any damages.

16         Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' RESPA claim

17  without leave to amend.

18         4.     Cal. Civ. Code § 2923.5

19         California Civil Code § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or

20  authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial

21  contact is made as required by paragraph (2) or 30 days after satisfying the due diligence

22  requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1). Under paragraph (2),

23  "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone

24  in order to assess the borrower's financial situation and explore options for the borrower to avoid

25  foreclosure." Id. § 2923.5(a)(2). Under subdivision (g), "[a] notice of default may be filed ... when a

26  mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph

27  (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence

28  of the mortgagee, beneficiary, or authorized agent." Id. § 2923.5(g) (emphasis added). If a

**United States District Court**

For the Northern District of California

1    mortgagee, beneficiary, or authorized agent fails to comply with § 2923.5, "then there is no valid

2    notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v.*

3    *Superior Court*, 185 Cal.App.4th 208, 223 (2010). The only remedy for a violation of this section is

4    "to postpone the sale until there has been compliance with section 2923.5." Id. (citing Cal. Civ.Code

5    § 2924g, subdivision (c)(1)(A)).

6        In the instant case, Plaintiffs allege they were not contacted as required under § 2923.5.

7    Compl. ¶¶ 60, 139-41.  Although Defendants dispute that assertion, submitting a declaration of

8    compliance with the statute, that does not negate Plaintiffs' allegations at the 12(b)(6) stage. *See*

9    *Barrionuevo v. Chase Bank, N.A.*, C-12-0572 EMC, --- F. Supp. 2d. ----, 2012 WL 3235953, at *10

10   (N.D. Cal. Aug. 6, 2012); *Tamburri v. Suntrust Mortg., Inc.*, C-11-2899 EMC, 2011 WL 6294472, at

11   *5-6 (N.D. Cal. Dec. 15, 2011).  Accordingly, Defendants' motion to dismiss Plaintiffs' claim under

12   § 2923.5 is **DENIED**.

13       However, the Court agrees with Defendants that Plaintiffs cannot maintain a cause of action

14   under § 2923.6 for wrongful foreclosure, as they have no right to a loan modification. *See, e.g., Tan*

15   *v. Wells Fargo Bank NA*, C-11-2874 EMC, 2011 WL 3418400, at *2 (N.D. Cal. Aug. 4, 2011)

16   (collecting cases).  Thus, Defendants' motion to dismiss this claim is **GRANTED** with prejudice.

17       5.    <u>Negligence</u>

18       "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

19   institution's involvement in the loan transaction does not exceed the scope of its conventional role as

20   a mere lender of money." *Nymark v. Heart Federal Sav. & Loan Ass'n.*, 231 Cal. App. 3d 1089,

21   1096 (1991).  Similarly, "loan servicers do not owe a duty to the borrowers of the loans they

22   service." *Osei v. GMAC Mortg.*, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010) (quotations and

23   citations omitted).  Although Plaintiffs allege in conclusory fashion that Defendants have exceeded

24   the scope of this conventional role, they fail to provide any authority for this contention.

25   Accordingly, in addition to the Court's rejection of the PSA related claim, this claim fails and is

26   **DISMISSED** without prejudice.

27   ///

28   ///

**United States District Court**
For the Northern District of California

1   6.   <u>Fraud</u>

2   "[T]he required elements for claims for fraud [are]: (a) misrepresentation (false

3   representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to

4   defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of*

5   *Young*, 160 Cal.App.4th 62, 79, 72 Cal.Rptr.3d 520 (2008) (internal quotation marks omitted).

6   Plaintiffs' fraud allegations are conclusory and fail to satisfy the heightened pleading

7   standards of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

8   ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the

9   misconduct charged.") (quotations omitted); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106

10  (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why

11  it is false.") (quotations omitted); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F.

12  Supp. 2d 1048, 1056 (N.D. Cal. 2009) ("Plaintiffs' fraud claims are not sufficiently specific.

13  Plaintiffs must allege each of the elements of fraud. In particular, they must allege what the

14  misrepresentations were, who made them, when, where, and why plaintiffs' reliance on these

15  statements was reasonable."); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1056

16  (N.D. Cal. 1991) ("[P]laintiff must allege the time, place, and contents of the alleged fraud.").  Nor

17  does Plaintiff plead facts to establish reliance or harm.  *See, e.g., Tamburri v. Suntrust Mortg., Inc.*,

18  C-11-2899 EMC, 2011 WL 6294472, at *9 (N.D. Cal. Dec. 15, 2011) ("[T]hat a particular defendant

19  may hold the note does not cause Plaintiff harm if the servicer is available to discuss options to

20  avoid foreclosure.")

21  Accordingly, in addition to the fact that Plaintiffs cannot allege fraud based on defective title

22  stemming from the failure to comply with the PSA, the fraud claims based on any other theory are

23  **DISMISSED** without prejudice for the reasons stated above.

24  7.   <u>Quiet Title</u>

25  To the extent Plaintiffs could allege a quiet title claim outside their PSA theory, Plaintiffs

26  must comply with Cal. Code Civ. Proc. § 761.020, including verification of the complaint.  *Frazier*

27  *v. Aegis Wholesale Corp.*, C-11-4850 EMC, 2011 WL 6303391, at *9 (N.D. Cal. Dec. 16, 2011).

28  Plaintiffs failed to do so and failed to oppose the motion to dismiss.

1    Accordingly, this claim is **DISMISSED** without leave to amend.

2        8.    <u>Accounting</u>

3    Plaintiffs' accounting claim fails because they do not allege that Defendants owe them any

4    money.  "'A cause of action for an accounting requires a showing that a relationship exists between

5    the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that

6    can only be ascertained by an accounting.'"  *Ricon v. Recontrust Co.*, 09CV937-IEG-JMA, 2009

7    WL 2407396, at *7 (S.D. Cal. Aug. 4, 2009) (quoting *Teselle v. McLoughlin*, 173 Cal. App. 4th 156,

8    179 (2009)).  In the instant case, at most, Plaintiffs have alleged they do not owe Defendants money;

9    they fail to allege any sum Defendants owe them, or that there is any uncertain sum due between the

10   parties that would require an accounting.  Accordingly, their claim for an accounting fails, and is

11   **DISMISSED** with prejudice.

12       9.    <u>Tender</u>

13   Although the discussion above provides ample reason to dismiss the bulk of Plaintiffs'

14   claims, the Court notes that Defendants' tender argument does not itself preclude Plaintiffs from

15   raising viable claims.  Were Plaintiffs to otherwise properly plead a claim of wrongful foreclosure

16   based on a defective claim of title, "Plaintiffs should not have to tender any money to Defendants if

17   they in fact are not the true owners of the loan."  *Miller v. Carrington Mortg. Services*, C-12-2282

18   EMC, 2012 WL 3537056, at *6 (N.D. Cal. Aug. 14, 2012) (citing *Frazier v. Aegis Wholesale Corp.*,

19   No. C–11–4850 EMC, 2011 U.S. Dist. LEXIS 145210, at *7–8, 27, 2011 WL 6303391 (N.D. Cal.

20   Dec.16, 2011) (stating that, "[i]f Plaintiffs are correct in arguing that none of the defendants own the

21   loan, then Plaintiffs should have no obligation to tender any money at all to any defendant,"

22   including for the quiet title claim).

23       10.    <u>Business and Professions Code § 17700</u>

24   To the extent claims of violations of law alleged herein are discussed, those bases for the

25   §17,200 claim are **DISMISSED**.

26       11.    <u>Requests for Judicial Notice</u>

27   Plaintiffs' Request for Judicial Notice is **DENIED**, as the report they proffer to the Court

28   contains disputed statements of fact and law.  *See* Fed. R. Evid. 201(b).  Defendants' Request for

Judicial Notice is **GRANTED**, as they attach public records relevant to Plaintiffs' loan and foreclosure process, which Plaintiffs do not dispute. *Id*.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is **DENIED** as to Plaintiffs' claim under § 2923.5, and **GRANTED** with prejudice as to all remaining claims except for claims for violation of FDCPA, RESPA, Quiet Title, Wrongful Foreclosure under Cal. Civ. Code § 2923.6, and Accounting which are **DISMISSED** with prejudice.  Should Plaintiffs file an amended complaint, they may not reallege any claims to the extent such claims are based on flaws in the securitization process or Defendants' purported failure to comply with the requirements of the PSA.  Plaintiffs shall file any amended complaint within 30 days of the date of this Order.  Plaintiffs shall comply with Rule 11.

This Order disposes of Docket No. 4.


IT IS SO ORDERED.


Dated:  September 24, 2012

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California