United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUHAMED ALMUTARREB, *et al.*,

    Plaintiff,

    v.

BANK OF NEW YORK TRUST COMPANY, N.A., as successor Trustee to JP MORGAN CHASE BANK, *et al.*,

    Defendants.
_____/

No. C-12-3061 EMC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 14, 2012, Plaintiffs Muhamed and Sophia Almutarreb filed a complaint against Defendants arising out of the pending foreclosure of their home in San Pablo, CA. At that time, Plaintiffs asserted claims for Declaratory Relief; Negligence; Quasi Contract; violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; violation of the California Business & Professions Code § 17200 ("UCL"); Accounting; Wrongful Foreclosure; Fraud; and Quiet Title. Compl., Docket No. 1. Defendants moved to dismiss the complaint.

On September 24, 2012, this Court granted in part and denied in part Defendant's motion. Docket No. 23. In relevant part, the Court dismissed Plaintiffs' claims under the FDCPA and RESPA with prejudice. Plaintiff filed an amended complaint on November 7, 2012, bringing various state law causes of action and requesting declaratory relief under 28 U.S.C. §§ 2201, 2202. From the face of the complaint, it appears that Plaintiffs and at least one defendant are citizens of the state of California.

Though no party has raised the issue of subject matter jurisdiction, this Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784–85 (9th Cir.1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

As there are no remaining federal claims pending, and it appears that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332, the parties are therefore ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The parties are directed to file a response to this order to show cause with the Court by February 7, 2013.

The Defendants' motion to dismiss and motion to strike portions of the complaint, currently set for February 7, 2013, are hereby re-set for February 28, 2013 at 1:30 p.m. The Case Management Conference (CMC) scheduled for February 7, 2013 is also re-set for February 28, 2013 at 1:30 p.m. A Joint CMC statement shall be filed by February 21, 2013.

IT IS SO ORDERED.

Dated: January 31, 2013

_____
EDWARD M. CHEN
United States District Judge