United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMED ALMUTARREB, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF NEW YORK TRUST COMPANY, N.A., as successor Trustee to JP MORGAN CHASE BANK, *et al.*, <br><br> Defendants. <br> _____/ | No. C-12-3061 EMC <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiffs originally filed this case on June 14, 2012, alleging a variety of state and federal law claims against Defendants arising out of the pending foreclosure of Plaintiffs' home in San Pablo, CA. On September 24, 2012, this Court granted in part Defendant's motion to dismiss. Docket No. 23. In relevant part, this order dismissed all of Plaintiffs' federal law claims with prejudice. Plaintiff filed an amended complaint on November 7, 2012, bringing various state law causes of action and requesting declaratory relief under 28 U.S.C. §§ 2201, 2202. From the face of the complaint, it appears that Plaintiffs and at least one defendant are citizens of the state of California.

On January 31, 2013, this Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction, as no federal claims remained, and there is not complete diversity of parties. Docket No. 43; *see Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001) ("The Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, applies only if federal jurisdiction independently exists"). Defendant responded on February 7, 2013, agreeing that the

case should be dismissed for lack of subject matter jurisdiction. Docket No. 44. Plaintiffs filed a response the next day, requesting that the Court retain jurisdiction, or in the alternative, that the Court dismiss the case without prejudice. Docket No. 45. Plaintiffs acknowledge, however, that this Court lacks subject matter jurisdiction over this case, and offer no argument as to why this Court can or should retain jurisdiction despite this fact.

As the parties do not dispute that this Court lacks subject matter jurisdiction, this case is **DISMISSED** without prejudice. Defendant's motion to dismiss and motion to strike portions of the First Amended Complaint are therefore **DENIED** as moot. The Clerk shall enter judgment and close the file.

This order disposes of Docket Nos. 28 and 29.

IT IS SO ORDERED.

Dated: February 15, 2013

_____
EDWARD M. CHEN
United States District Judge